# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| In the Matter of FBI Documentation and Information Related to *State v. Forde et. al.,* CR 2009-2300, In the Superior Court of the State of Arizona In and For the County of Pima | No. 4:10-MC-00045-TUC-CKJ<br><br>**ORDER** |

Currently pending before the Court is Movant's Motion for Privacy Act Order and Protective Order [Doc. 1]. Having reviewed the same, the Court finds that disclosure of information obtained from materials protected by the Privacy Act, 5 U.S.C. § 522a, is necessary to the resolution of this action.

Accordingly, IT IS HEREBY ORDERED that the Federal Bureau of Investigation is authorized to release the following documents to the Pima County Attorney, through her deputies without prior written consent of the individuals to whom such records pertain :

    a.    103 pages of written records relevant to FBI source S-00009095. A specific list identifying each document within the 103 pages will be provided by the FBI at the time of disclosure.

    b.    131 pages of written records relevant to FBI source S-00019617. A specific list identifying each document within the 131 pages will be provided by the FBI at the time of disclosure.

IT IS FURTHER ORDERED that these documents may be disclosed to the State Courts during the prosecution and any subsequent appeal of *State v. Forde et. al.,* CR 2009-

2300, In the Superior Court of the State of Arizona In and For the County of Pima. However, the following protections apply:

    1.    Government records that identify specific individuals or contain sensitive law enforcement information, as determined by the United States, shall be marked "PRODUCED SUBJECT TO PROTECTIVE ORDER" or "SUBJECT TO PROTECTIVE ORDER" or contain a similar marking, and may be used only for purposes of the case of *State v. Forde, et al.,* CR 2009-2300, In the Superior Court of the State of Arizona In and For the County of Pima. Except as provided herein, no person having access to the records designated as subject to this Order or the information therein shall make public disclosure of those records or that information without further Order of this Court. Any such record filed within this matter must be filed under seal pursuant to paragraph 6. If a marked document is (other than the marking) identical to a previously disclosed unmarked document in this litigation, that document (either marked or unmarked) shall be subject to this order.

    2.    Any government documents or information produced by the United States that are designated as subject to this Order shall be used only for purposes of litigating this case, including any subsequent appeals.

    3.    Except as otherwise ordered by this Court, any government record or item subject to the Protective Order may be disclosed by counsel for Pima County only to the following persons: (a) defense counsel representing defendants; (b) partners, associates, secretaries, paralegal assistants, and employees of counsels of record to the extent reasonably necessary to render professional services in this cases; (c) persons retained by counsels of record to assist or serve as expert witnesses, provided that such disclosure is reasonably and in good faith calculated to aid in litigating this case.

    4.    All individuals to whom documents or information subject to this order are disclosed shall be informed of and shall agree with the terms of this Order and shall not otherwise disclose the documents or information subject to this Order to the public or to any person or entity, and shall acknowledge their agreement to comply with the provisions of this

Order by signing a copy of an acknowledgment form. Pima County counsel will retain copies of the acknowledgment forms until such time as this litigation, including all appeals, is concluded. Should Pima County counsel wish to disclose records or information subject to this Order to any persons other than those indicated in this paragraph and paragraph 3, above, Pima County may, on motion, seek modification of this Order from the Court.

5. Both Pima County and the United States reserve the right to move to modify the terms of this Protective Order at any time, and each reserves the right to oppose any motion to modify the terms of the Protective Order.

6. Unless this Court has previously ruled that a document or information is not subject to the Privacy Act and/or the Privacy and Protective Order, or not otherwise within the scope of this Order, government records or items subject to this Privacy and Protective Order may be presented to the Court only under seal. Should any counsel of record or party seek to use protected documents or information in open Court or at trial, orally or through documents, including as trial exhibits, or seek to file such information as part of a public filing (e.g., a pleading, motion, exhibit or expert report), that counsel or party must first seek an Order from the Court ruling that the information is relevant and may be publicly disclosed.

7. The protected documents and discovery responses, and all copies thereof, produced in connection with this case must be returned by Pima County, counsels of record, parties, or other receiving individuals (of protected records), to the United States upon the conclusion of this case, including any subsequent appeals. Within thirty days of the conclusion of this case and any subsequent appeals, Pima County, counsels of record, parties, or other receiving individuals (of protected records) must certify in writing that all protected records and items, and all copies thereof, have been returned to the United States. Within forty-five days of the termination of this case, including any subsequent appeals, Pima County, counsels of record, parties, or other receiving individuals (of protected records) must also certify in writing that any documents they or their attorneys or agents have created

which contain information protected under this Privacy and Protective Order have been destroyed or redacted; provided, however, that no party is required to destroy or redact any document that has been filed with this Court or with a court of appeals of competent jurisdiction in connection with this case.

8. Neither the United States, nor any of its officers, employees, or attorneys, shall bear any responsibility or liability for any unauthorized disclosure of any documents obtained under this Order, or of any information contained in such documents.

9. This Order does not constitute any ruling on the question of whether any particular document or category of information is properly discoverable and does not constitute any ruling on any potential objection to the discoverability, relevance, or admissibility of any record, other than objections based on the Privacy Act.

10. The terms and conditions set forth herein shall not apply to the disclosure of any classified national security information or any information subject to a claim of privilege or other basis of exclusion, and this Order shall not be precedent for adopting any procedure.

DATED this 17th day of December, 2010.

_____
Cindy K. Jorgenson
United States District Judge